**BALENA et al. v. UNITED STATES.**
Civ. No. 6648.

United States District Court
W. D. Pennsylvania.
Dec. 29, 1950.

Pugliese, Troiano & Pugliese, Pittsburgh, Pa., for plaintiffs.

Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## Findings of Fact.

1. Plaintiffs, Lena Balena and Joseph Balena, are husband and wife, residing at 460 William Street, in the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania.

2. The defendant, United States Government, operates a post office at Mt. Washington Station at 41 Shiloh Street, Pittsburgh, Pennsylvania.

3. The floor of the Mt. Washington Post Office is made of tile.

4. On the 9th day of February, 1946, plaintiff, Lena Balena, at about 11:00 o'clock A.M. entered the Mt. Washington Post Office for the purpose of cashing a money order and making a postal savings transaction.

5. It had snowed during the morning of February 9, 1946 and was snowing at the time the plaintiff, Lena Balena, entered the Post Office.

6. After entering the building, Lena Balena, plaintiff, turned right around a translucent glass and wood partition.

7. The plaintiff, Lena Balena, took one or two steps, slipped and fell upon the floor of the Mt. Washington Station Post Office.

8. Upon arising, Lena Balena noticed that she had fallen in a puddle of water and slush.

9. The puddle of water lay in a depression in the Post Office floor; said depression was from 1/8 inch to 1/4 inch deep.

10. The plaintiff, Lena Balena, sustained certain injuries to the intervertebral disc as a result of the fall.

11. There is no evidence that any officer, agent, employee, or servant of the Post Office Department employed at the Mt. Washington Station had actual knowledge of the existence of this accumulation of slush and water.

12. There is no evidence of the length of time that the accumulation of water and slush existed on the Post Office floor.

13. Defendant had no notice of the existence of the accumulation of slush and water upon the floor of the Post Office.

14. There was no evidence that the accident and injuries to plaintiff, Lena Balena, were caused by negligence of the defendant.

15. Plaintiff, Lena Balena, did not look where she was walking at the time of the accident. If she had looked she would have seen the water and slush and avoided walking therein.

## Conclusions of Law.

1. This case is within the jurisdiction of this Court by virtue of the Federal Tort Claims Act of 1946, 28 U.S.C.A. §§ 1346, 2671–2680.

2. The accident and injuries to plaintiff, Lena Balena, were not caused by the negligence of the defendant, or its officers, agents or employees.

3. The plaintiff, Lena Balena, was guilty of contributory negligence which contributed to the accident in this case and the injuries to Lena Balena.

4. Judgment should be entered in favor of the defendant.

McVICAR, Chief Judge.

The doctrine of *res ipsa loquitur* does not apply to the instant case, there being no inference of negligence arising from the mere slipping on the Post Office floor. It, therefore, was incumbent upon the plaintiff to establish the negligence of the defendant. Bowser v. J. C. Penny Co., 354 Pa. 1, 40 A.2d 324. To establish negligence, plaintiff would have to have shown that the defendant had (1) actual knowledge of the existence of this puddle of slush; or (2) that the puddle had existed for a sufficient time prior to the accident, and thus charge the defendant with notice of its existence. There is no evidence to support either of these positions.